# SUPREME COURT.

## ANDREW J. ROBINSON and another agt. HENRY Y. ATTRILL and others.

*Corporation — Liability of directors — Sufficiency of complaint in action by creditors of a corporation against directors, to hold them personally liable because the debts of the corporation exceed the amount of its capital stock — Laws of 1875, chapter 611, section 22.*

In an action by the creditors of a corporation against the directors thereof to hold them personally liable, because the debts of the corporation created by defendants exceed the amount of its capital stock, it is enough to state the amount of such capital and to give the amounts of the claims which are outstanding, and it is not necessary that the debts should be due. If an apparent claim is not real, the fact should be set up by answer.

*Special Term, November*, 1883.

DEMURRER to complaint.

*Lewis Sanders*, for demurrer.

*Edward S. Clinch*, opposed.

VAN VORST, *J.*—This is an action in favor of the plaintiffs, as creditors of the Rockaway Beach Improvement Company (limited), against the defendants as directors thereof. The corporation was organized under chapter 611 of the Laws of 1875. Section 22 of the act under which this action is brought provides that "if the indebtedness of any such corporation shall at any time exceed the amount of its capital stock, the directors of such corporation creating such indebtedness shall be personally and individually liable for such excess to the creditors of such corporation."

The complaint alleges that the amount of the capital fixed by the corporation is $700,000, and that its indebtedness,

created by the defendants as directors, exceeds $1,705,000. The defendants demur to the complaint. In support of the demurrer it is argued that the complaint fails to make out an excess of indebtedness over the capital stock. It is claimed, on the behalf of the defendants, that the general allegation in the complaint that the indebtedness of the corporation created by all the defendants, as directors, exceeded the capital stock by a specific sum, is immediately followed and qualified by specification, and that the specification fails to show an excess of corporate debts over the amount of the capital stock, and that the debts are not in fact corporate debts, upon which the corporation would be held.

The first item of indebtedness stated in the complaint, after that in favor of the plaintiff, is alleged to have arisen upon a bond for $72,000, made by Attrill, one of the directors, for the purpose of securing to L. & H. Littlejohn the payment of that sum, the payment of which was assumed by the corporation. It is objected to this specification that no consideration for such assumption by the corporation is alleged. Such consideration is not necessary to be stated in the complaint in an action of this nature. Creditors of a corporation cannot be supposed to know the consideration received by the corporation for the obligations it has assumed in favor of others. It is enough for the purposes of this pleading to give the amount of the claims which are outstanding.

It is alleged that this obligation has been assumed by the corporation, and the implication is that the assumption was based upon a valid consideration and that the debt is real. It is not necessary that the several claims should be stated with all the particularity required in an action founded upon either of them against the corporation itself. If the apparent claim is not real, the fact should be set up by answer.

But the defendant's objection to the next item, as set up in the complaint, I think is well taken. The allegation is as follows: "Seven hundred bonds of said corporation, each of the denomination of $1,000, with interest thereon from the

Robinson agt. Attrill.

first day of April, 1880, all of the principal and interest on such bonds being unpaid." The pleading fails to show that these bonds, or either of them, have been issued by the corporation or have reached the hands of creditors. For all that appears they may still be in the treasury of the company, unissued.

The other items of the indebtedness making up the sum total above mentioned, are severally sufficiently stated for the purposes of this action, and in amount considerably exceed the capital stock. The objection that some of the debts are not due cannot avail the defendants on this demurrer. Although not due, they are still debts, for the payment of which the corporation is liable. *Jones* agt. *Barlow* (62 *N. Y.*, 202), cited by the learned counsel for the defendants, is not in point. That case would apply if the claim in plaintiff's favor, upon which this action is brought, was not due, as a director could not be made liable for the payment of a claim against the corporation which had not matured.

Nor is the objection that some of the items of indebtedness were created in favor of the directors, or some of them, well taken; they are still debts, within the meaning of the statute.

The allegation or statements in the complaint by which the corporation is described as " limited," I regard as sufficient.

None of the objections are sufficient to sustain the demurrer, and it must be overruled, with liberty to the defendants to answer on payment of costs.