JOHN McCLAVE AND OTHERS, RESPONDENTS, v. JOHN B. THOMPSON AND BENJAMIN E. SMITH, APPELLANTS, IMPLEADED, ETC.

36 365
147a 612

*Liability of trustees of a corporation creating debts beyond the amount of the capital stock — 1875, chap. 611, sec. 22 — when debts to trustees are not to be treated as liabilities.*

The individual liability imposed by section 22 of chapter 611 of 1875 upon the directors of a corporation, by whom an indebtedness exceeding the amount of its capital stock is created, is joint and not several, and to an action brought by a creditor to enforce the liability thereby created, all the directors who are liable must be made parties.

In determining the amount of the liabilities of the company, to ascertain whether or not they exceed the amount of the capital stock, a judgment recovered against the company by one of its directors for money advanced by him to it, which judgment has been subsequently assigned by him to a third person, cannot be treated as one of such liabilities.

*Easterly* v. *Barber* (65 N. Y., 255), *Knox* v. *Baldwin* (80 id., 610) followed.

APPEAL by the defendants Thompson and Smith from an interlocutory decree, overruling a demurrer to the complaint.

*Lewis Sanders,* for the appellants.

*James W. Perry,* for the respondents.

BRADY, J. :

The plaintiffs are creditors in severalty of the Rockaway Beach Improvement Company (Limited), but have united in an action to enforce a penalty imposed by the statute in reference to corporations kindred to the one named. The twenty-second section of chapter 611 of the Laws of 1875 provides that " if the indebtedness of any such corporation shall at any time exceed the amount of its capital stock, the directors of such corporation creating such indebtedness shall be personally individually liable for such excess to the creditors of such corporation."

The liabilities which are alleged in the complaint amount to the sum of $1,603,213.77. Embraced in this are 700 bonds of the corporation of $1,000 each and a judgment for $325,926.01, predicated

of a claim for advances made by the defendant Benjamin E. Smith, which was assigned to one Cochran, a judgment creditor now holding and owning the judgment. If these two items be deducted from the alleged claims the liabilities would be $577,287.76, or less than the capital stock, and the action cannot be sustained. The bonds of $700,000 must be deducted for the reason assigned by Justice VAN VORST in the case of *Robinson* v. *Attrill* (66 How. Pr., 123), namely, the complaint fails to show that these bonds, or either of them, have been issued by the corporation or have reached the hands of creditors, and for all that appears they may still be in the treasury of the company unissued. The judgment held by Cochran was alluded to in the opinion given upon an appeal to the General Term of this department from the judgment pronounced in the case just cited. (See MSS. of BRADY, J., *sub. nom. Robinson* v. *Thompson*, 34 Hun, 634.) It was declared by this court to be very questionable whether the judgment mentioned could be included in the liability authorizing an action under section 22 of the act (*supra*), because it was founded upon advances made by a co-director. And that doubt was founded upon the decisions in the cases of *Easterly* v. *Barber* (65 N. Y., 255) and *Knox* v. *Baldwin* (80 id., 610.)

A subsequent examination of this question has dissipated any doubt that might have been entertained, and the conclusion arrived at that the judgment cannot be considered as a part of the liability of the company in an action of this character.

The observations made in the case of *Knox* v. *Baldwin* (*supra*), apply to the defendant Smith in reference to the rights of the defendant Thompson, namely : that the defendant Smith is equally charged with the violation of the law in creating the indebtedness in excess of the capital stock contemplated by section 22 (*supra*), and, therefore, is chargeable with the consequences of such violation. He could not be permitted, consequently, to pursue a remedy which, if enforced, would enable him to profit by his own wrong or negligence, and it is equally clear that he could confer, by assignment, no better right than he had himself. For this reason that judgment cannot be included in the liabilities of the corporation against the defendants.

The insurmountable objection to the validity of the judgment

appealed from, however, arises from the legal conclusion sustained by the learned justice in the court below, that the claims are to be established in one action, which requires that all the trustees who are liable shall be defendants. The learned justice said that although the section declared that the directors should be personally and individually liable for the excess of indebtedness over capital, the responsibility was imposed upon all the directors creating the indebtedness, and its object was to provide a fund for the payment of the debt. That the amount of that fund was not always measured by the excess. It was only so much as might be necessary to pay the debts, and each director was chargeable with his proportion of that sum. This was not to be done unless the directors who were liable were all joined in one action. If each one who created the excess was sued separately, judgment must go against him for all the excess, and the result might be that a fund would be provided many times larger than would be required to pay the debts (to say nothing of the costs which would be recovered against each), and then a court of equity would be called upon to interpose to fix the sum to be paid by each.

As we have seen, the defendants, being the directors, are not liable under this section, for the reason that the judgment in favor of Cochran cannot be included in the amount of the indebtedness of the company. If there be any indebtedness which can be enforced, it would be against the defendant Smith who created the liability of the corporation by his advances, and of which the judgment of Cochran is predicate. But to hold him responsible in this action would be in violation of the result pronounced in the court below, namely, that all the trustees must be joined in order that the responsibility of each shall be determined and a proper distribution of responsibility made by a court of equity having charge of the subject. It is thought that all the trustees must be joined, and in this respect, therefore, the learned justice in the court below was right in his conclusions on principle and authority. The judgment mentioned, however, added to the amount of the bonds, also mentioned, renders the liabilities too small to warrant the action ; and the judgment must, therefore, be reversed, with liberty to the plaintiffs, however, to amend the complaint within twenty days after

service of a copy of the order to be entered hereon, and the payment of the costs of the appeal.

DANIELS, J., concurred.

Present — BRADY and DANIELS, JJ.

Judgment reversed, with leave to plaintiffs to amend within twenty days after service of copy of order to be entered hereon, on payment of costs of appeal.